UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER L. WHALEY, et al.,

                Plaintiffs,

v.

CLARK COUNTY,

                Defendant.

CASE NO. C13-5596 BHS

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO CONTINUE

This matter comes before the Court on Defendant Clark County's motion for summary judgment or to dismiss the case pursuant to Fed. R. Civ. P. 12(b) (Dkt. 11) and Plaintiffs' motion to continue (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motions, and the remainder of the file. For the reasons stated herein, the Court denies Whaley's motion to continue and grants Clark County's motion for summary judgment.

**I. PROCEDURAL HISTORY**

On July 22, 2013, Plaintiffs filed a complaint alleging state and federal causes of action against Clark County. Dkt. 1. On November 25, 2013, Clark County filed a motion for summary judgment or motion for an order pursuant to Fed. R. Civ. P. 12(b)

dismissing Plaintiffs' claims against it. Dkt. 11. The noting date for that motion was December 27, 2013. W.D. Local Rule 7(d). Accordingly, Plaintiffs' response was due Monday, December 23, 2013. *Id.*

Plaintiffs did not respond to Defendant's motion. Fifteen days after receiving Defendant's motion, Plaintiffs' counsel attempted to withdraw from the case. Dkt. 14. His withdrawal notice was rejected by this Court the same day. Dkt. 15.

## II. FACTUAL BACKGROUND[1]

This lawsuit arises from a series of events regarding two separate criminal matters in which Whaley was involved. Dkt. 12 (Declaration of Jane E. Vetto). First, on February 15, 2006, Whaley was cited for driving while suspended and bail jumping by the Vancouver Police Department (VPD). Dkt. 12, Ex. A (Clark County District Court Docket 62969A). Whaley pled not guilty, and on February 21, 2006, Case No. 62969A VPD (hereinafter "Criminal Case No. 1)" was filed. *Id.*

Meanwhile, on March 5, 2006, Whaley was cited by Washington State Patrol for once again driving while suspended. Dkt. 12, Ex. B (Clark County District Court Docket 588413WSP). Whaley pled not guilty and Case No. 588413WSP (hereinafter "Criminal Case No. 2") was filed. *Id.* An arraignment was scheduled for March 10, 2006, on Criminal Case No. 2. *Id.* Whaley failed to appear for the arraignment, and a bench warrant was issued for her arrest. *Id.* Whaley was booked on the warrant and

---

[1] The factual background is taken largely from Defendant's motion for summary judgment, which accurately reflects the content of the documents attached to and supporting the motion, none of which was opposed by Plaintiffs.

released on May 26, 2006, with an arraignment scheduled for May 31, 2006. *Id.* Whaley again failed to show for the arraignment, and a bench warrant for Criminal Case No. 2 was issued on June 7, 2006. *Id.*

A sentencing hearing was scheduled for August 3, 2006, for Criminal Case No. 1. Dkt. 12, Exs. A & B. Whaley failed to show, and a bench warrant was issued for failure to appear and post bail, resulting in Whaley having two outstanding warrants on two different criminal matters at the same time. *Id.* On January 22, 2010, Whaley was jailed in Cowlitz County on the warrant for Criminal Case No. 2 and arraigned the same day, during which proceeding she pled not guilty. Dkt. 12, Ex. B.

After several postponements, a hearing was held in Criminal Case No. 2 on June 3, 2010, at which time Whaley was sentenced to five days on work crew. Dkt. 12, Ex. B. On the same day, Whaley was sentenced to three days' work crew for Criminal Case No. 1. *Id.* Whaley failed to complete her work crew sentence in either matter, and on December 7, 2010, a bench warrant for failure to appear for a "show work" hearing was issued in Criminal Case No. 1. *Id.* A bench warrant was issued for failure to complete three days of work crew in Criminal Case No. 1 on January 26, 2011, resulting in Whaley again having two separate bench warrants for two separate criminal matters. *Id.*

In March of 2011, Whaley completed both of her work crew sentences, working a total of eight days, or 64 hours; 40 hours for Criminal Case No. 2 and 24 hours for Criminal Case No. 1. Dkt. 12, Ex. C (Bergman Letter of May 2, 2011). On May 3, 2011, Whaley appeared at a "show work" hearing in Criminal Case No. 2 and presented proof of work crew completion for that case. Dkt. 12, Ex. D (Memorandum of Disposition

Case No. 588413WSP). On the Memorandum Disposition, the cause number listed was that of Criminal Case No. 2 only, and the Judge wrote in "DEF provided proof of completing 40 hours ACS." *Id*.

The May 3, 2011, "show work" hearing was noted for Criminal Case No. 2 only. *Id*. The May 3, 2011, Disposition Order, signed by both the judge and Whaley, disposed of only Criminal Case No. 2. *Id*. The warrant for Criminal Case No. 1 remained in effect after this May 3, 2011, hearing on Criminal Case No 2. Dkt. 12, Ex. A.

On September 9, 2011, Whaley attempted to enter the visiting area of the King County jail to visit her uncle who was incarcerated there. *See* Dkt. 1. The jail ran a search, found the outstanding warrant on Criminal Case No. 1 and arrested Whaley. Dkt. 12, Ex. E (Excerpts of Records from King County Jail). She was transported to Clark County two days later where, on September 12, 2012, the court was asked for the first time to determine completion by plaintiff of the three days' work crew sentence in Criminal Case No. 1. Dkt. 12, Ex. A. The court entered an order of completion in Criminal Case No. 1, and Whaley was released from custody immediately thereafter. *Id*.

### III. DISCUSSION

**A.   Motion for Continuance**

LCR7 (j), Motions for Relief from a Deadline, provides:

> A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise.

According to defense counsel's uncontroverted statements, Plaintiffs' counsel did not respond to the motion for summary judgment, contact defense for an extension of time, or dismiss the case. *See* Dkts. 17 and 18. Additionally, according to defense counsel's uncontroverted statements, Plaintiffs' counsel waited until Tuesday, December 24, 2013, the day after Plaintiffs' brief was due, to have his legal assistant leave a voicemail for the defense attorney asking for a continuance of the motion hearing because Whaley had been in the hospital. *See* Dkt. 17 (*citing* Dkt. 18 at 2). Defense counsel was out of the office until December 26, 2013, the same day Plaintiffs' counsel filed the motion to continue. *Id*.

Based on the record before the Court, Plaintiffs' counsel made no effort to timely request a continuance of the hearing, despite having all the information he now relies on at the time Defendant's motion for summary judgment was filed. Rather, five days before his reply brief was due, he attempted to withdraw, and when that was unsuccessful, made no attempt to contact defense counsel until after the deadline for filing his response brief had passed. Indeed, to date, Plaintiffs have made no attempt to reply to Clark County's response to Plaintiffs' motion to continue or file any response to Clark County's motion for summary judgment.

Therefore, Plaintiffs' motion for continuance is denied.

**B.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

There are two essential elements for a successful § 1983 action: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of a right or privilege secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Because the statute prohibits persons from "subjecting" citizens to a deprivation of rights, a municipality cannot be held liable solely on a respondeat superior theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Rather, the municipality must, under color of some official policy, "cause" an employee to violate another's constitutional rights. *Monell*, 436 U.S. at 692.

Clark County correctly observes that Whaley now brings this action on her and her minor son's behalf against Clark County on the grounds that both of her criminal cases from 2006 were dismissed on May 3, 2011, and the warrant she was arrested under was invalid. However, as Clark County demonstrates through the evidence submitted with their motion and as set out in the facts above, Whaley incurred two outstanding bench warrants in two different cases arising from two different incidents. On May 3, 2011, Whaley attended one hearing on one matter which dismissed one warrant, not both. The warrant in Criminal Case No. 1 was still in effect on September 9, 2011, and the resulting arrest and incarceration based on the warrant in Criminal Case No. 1 as required by law.

In her complaint, Whaley names only Clark County as the defendant. Dkt. 1. As there is no recovery under respondeat superior for this type of claim, Clark County has

immunity for Plaintiff's § 1983 claim.  *Monell*, 436 U.S. at 691.  Further, the material facts clearly show that as the warrant Plaintiff was picked up on was valid and lawful, Whaley cannot meet her burden of showing any material evidence of negligence by Clark County in this case.  However, as Clark County notes, even if "somehow a judge erred in not revoking a warrant on a matter the plaintiff did not appear for, this action was not part of an official county policy that caused an employee of Clark County to violate plaintiff's rights."  Dkt. 11 at 7; *Monell*, 436 U.S. at 692.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Whaley's motion to continue (Dkt. 16) is **DENIED,** and Clark County's motion for summary judgment is **GRANTED** (Dkt. 11).  The case is **DISMISSED.**

Dated this 24th day of January, 2014.

BENJAMIN H. SETTLE
United States District Judge